UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tessa Rani Gibson, | ) | C/A  2:07-cv-1364-PMD-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Charleston County Detention Center; | ) | |
| Mark A. Lewis; Donald V. Salters; | ) | |
| Brian E. Britton; Matthew R. Downing; | ) | |
| Denise Brown; Lisa A. Gonzalez-Williams; | ) | |
| Keith K. Franklin; Arthur L. Grey; FTI Barnes; | ) | |
| FTI Hennix; OFC James; OFC Greathouse; | ) | |
| Kenneth E. Sponic; Michael Tice; | ) | |
| Walter Wright; Henry L. Gathers; | ) | |
| Steven C. Durbin; and Wallace L. Alston. | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se*. Plaintiff alleges that she was physically assaulted while detained in Charleston County Detention Center. The only relief Plaintiff seeks is the criminal prosecution of Defendants.

### *Pro Se* and *In Forma Pauperis Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).



The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Discussion



This case should be summarily dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Complaint is subject to summary dismissal without service on Defendants because Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); see *Diamond v. Charles*, 476 U.S. 54, 64-65

2

(1986)(applying *Linda R.S. v. Richard D.* and collecting cases); *Sattler v. Johnson,* 857 F.2d 224, 227 (4th Cir. 1988); *Doyle v. Oklahoma State Bar Ass'n,* 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Collins v. Palczewski,* 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Johnson v. Craft,* 673 F.Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice").

Also closely on point is *Leeke v. Timmerman,* 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke,* inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. The Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See Leeke* at 86-87; *see also In re Appointment of Independent Counsel,* 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375, 378-83 (2d Cir. 1973).

Plaintiff has filed a § 1983 suit for deprivation of constitutional rights; implicitly, at least, Plaintiff is suggesting that her rights are being violated because her alleged attackers have not been brought to justice. But it is elemental that "[s]ection 1983 imposes liability on anyone who under color of state law 'subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...,' and thus applies only if there is a deprivation of a constitutional right." *Bowers v. DeVito,* 686 F.2d at 618 (emphasis added) (citing to *Baker v. McCollan,* 443 U.S. 137, 146-47 (1979); *Paul v. Davis,* 424 U.S. 693, 699-701 (1976); *Bonner v. Coughlin,* 545 F.2d 565, 567, 569 (7th Cir. 1976)). The authorities cited and discussed

3

above make clear that private citizens have no federal constitutional right to have any other individual charged with a crime, and that such claims routinely fail unless a valid equal protection or substantive due process claim based on invidious, class-based discrimination is stated. However, Plaintiff has alleged no such claim. Arguably, Plaintiff's Complaint could be read liberally to state a claim for impermissible punishment of a detainee without Due Process under the Fourteenth Amendment to the United States Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979) (claims by a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment, and the conditions on confinement are constitutional unless they constitute punishment). *See also State v. Salerno*, 481 U.S. 739, 747 (1987). However, as discussed above, Plaintiff has requested no relief that is cognizable in this Court.

<u>RECOMMENDATION</u>

Accordingly, it is recommended that the Court dismiss the Complaint in this case without prejudice and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page**.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

May 16, 2007
Charleston, SC

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).