# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tessa Rani Gibson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Charleston County Detention Center; )<br>Mark A. Lewis; Donald V. Salters; Brian )<br>E. Britton; Matthew R. Downing; Denise )<br>Brown; Lisa A. Gonzalez-Williams; Keith )<br>K. Franklin; Arthur L. Grey; FTI Barnes; )<br>FTI Hennix; OFC James; OFC )<br>Greathouse; Kenneth E. Sponic; Michael )<br>Tice; Walter Wright; Henry L. Gathers; )<br>Steven C. Durbin and Wallace L. Alston )<br>)<br>Defendants. )<br>_____) | **C.A. No.:2:07-cv-1364-PMD-GCK**<br><br>**ORDER** |

On May 14, 2007, *pro se* litigant Tessa Rani Gibson ("Plaintiff" or "Gibson") brought this unnamed action against the named Defendants. Plaintiff, who is no longer incarcerated, alleges that Defendants committed "intentional acts of assault and battery with intent to cause bodily damage and possible permanent disability" while she was "inside the Charleston County Detention Center" on June 4, 2004. (Compl. at 3, 5.) As her requested relief, Plaintiff asks the court to "[p]lease find each individual named as a guilty party." (Compl. at 5.)

The record contains a report and recommendation (the "R&R") of United States Magistrate Judge George C. Kosko. This recommendation was made in accord with 28 U.S.C. § 636 (b)(1)(B). In the R&R, the Magistrate Judge interpreted Plaintiff's claim as one brought under 42 U.S.C. § 1983 and recommended that it be summarily dismissed without prejudice and without issuance and

1

service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] for failing to state a claim upon which relief could be granted. If a party disagrees with the recommendation as it stands in the R&R, that party may submit written objections to the court within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). The court received Plaintiff's timely objections on May 25, 2007.

## STANDARD OF REVIEW

### A.     The Magistrate Judge's R&R

The Magistrate Judge only makes a recommendation to the court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). Parties may submit written objections to a Magistrate Judge's report within ten days after being served a copy of the report, and the court reviews *de novo* those portions of the R&R that have been specifically objected to and may accept, reject, or modify the R&R, in whole or in part. 28 U.S.C. § 636(b)(1). Additionally, the court may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections, the court is not required to perform *de novo* review and only reviews the Magistrate's recommendation for plain error. *See Thomas v. Arn*, 474 U.S. 140 (1985). After reviewing the record, the R&R, Plaintiff's objections, and the exhibits attached to the objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Therefore, the court adopts the R&R in full and specifically incorporates it into this Order.

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the claim at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.

2

### B.        28 U.S.C. § 1915(e)(2)(B)(ii)

Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000)). Under Rule 12(b)(6)'s well-known standard, the court should only dismiss a case when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *see Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Additionally, under this Rule, the court should not dismiss a claim until it has "accept[ed] all well-pleaded allegations in the plaintiff's complaint as true and draw[n] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards*, 178 F.3d at 244. When a complaint concerning civil rights is at stake, the court must be "especially solicitous of the wrongs alleged." *Id.* (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)). Therefore, as under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim cannot be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and unless "it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Id.*

## DISCUSSION

Magistrate Judge Kosko found that Plaintiff's Complaint failed to state a claim on which relief may be granted and recommended that it be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). He noted that Plaintiff "does not have any constitutional right to . . . the prosecution or non-prosecution of another person." (R&R at 2 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).) He found Plaintiff's claim must fail because it is that of a private citizen, and a private

citizen has no constitutional interest in having another individual criminally prosecuted absent a "valid equal protection or substantive due process claim based on invidious, class-based discrimination." (R&R at 4.) This particular Complaint does not contain such a claim. Further, even if Plaintiff's Complaint were read to state a claim for "impermissible punishment" under the Fourteenth Amendment, the Magistrate Judge found that it still would fail because it does not request the proper relief. (R&R at 4.) For these reasons, the R&R recommended that Plaintiff's Complaint be dismissed without prejudice or issuance or service of process for failure to state a claim upon which relief could be granted.

Plaintiff objects to this recommendation, stating that she has "certain enumerated rights, under the Ninth Amendment,[2] and that plaintiff under the Constitution of the United States of America and the Fourteenth Amendment, Amendment Five, and the Seventh Amendment [she] . . . h[as] the constitutional right to bring action against the defendants (civil, and if defendants are proven guilty, criminal as well)." (Objections at 4.) Plaintiff also clarifies that "she seeks only civil relief at this time." (Objections at 4.)

In the interest of judicial efficiency, the court liberally interprets Plaintiff's Objection that the "relief sought is civil" as a Motion to Amend her Complaint in order to clarify that she is seeking civil damages.[3] (Objections at 1.) The court finds, however, that even assuming Plaintiff amended

---

[2] The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. Plaintiff does not explain how this Amendment is applicable to the case sub judice.

[3] Rule 15(a) of the Federal Rules of Civil Procedure provides that a leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the court has provided that a "leave to amend a pleading should be denied only when the amendment . . . would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178,182 (1962)). A futile amendment is one that is "clearly insufficient or frivolous on its face."

her Complaint to seek civil damages, Plaintiff still fails to state a claim upon which may be granted relief under 42 U.S.C. § 1983. Accordingly, the court agrees with the Magistrate Judge that this matter should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court liberally construes Plaintiff's Complaint and Objections as asserting a claim of "impermissible punishment" by prison officials against a pretrial detainee under the Fourteenth Amendment. *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983) (holding that the Fourteenth Amendment applies to pretrial detainees because if there has been "no formal adjudication of guilt[,] . . . the Eighth Amendment has no application"). The Fourteenth Amendment establishes only qualified standards of protection for pretrial detainees against "excessive force that amounts to punishment." *Graham v. Connor,* 490 U.S. 386, 395 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). As such, force used by officials against pretrial detainees that is "reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment." *Bell*, 441 U.S. at 540. The Fourth Circuit has further explained that

> [I]nherent in the Eighth and Fourteenth Amendments is the principle that: [N]ot ... every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick,* 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). *Hudson[ v. McMillan],* 503 U.S. [1,] 9, 112 S.Ct. [995,] 1000 [(1992)]. To permit those in custody to bring excessive force claims without any showing of injury would violate that very principle.

*Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1997) (holding that officer was not liable under the Due Process clause of the Fourteenth Amendment for inserting the tip of a pen into plaintiff's nose

---

*Id.* (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Buder v. Merrill Lunch, Pierce, Fenner & Smith,Inc.*, 644 F.2d 690, 695 (8th Cir. 1981)).

5

and slapping him with "medium" force because the injuries sustained were *de minimus*). As such, a prison official's use of force against a pretrial detainees, such as Plaintiff, must cause "greater than *de minimis* injury" in order to constitute a constitutional violation. *Id.*; *Bell*, 441 U.S. at 538-39; *Whitley v. Albers*, 475 U.S. 312, 322 (1986). Under this standard, the injury sustained need not be severe or permanent, but must be more than "trifling injury or negligible force." Without this requirement, "every touch would be actionable and every alleged 'push or shove' would entitle plaintiff to a trial." *Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1997).

In the instant case, Plaintiff fails to allege that she suffered any specific injury that was more than *de minimus* in nature. Plaintiff's Complaint asserts that Defendants "participated in physically assaulting me" but does not contain any allegation of injury. (Compl. at 3.) In her Objections, Plaintiff also alleges no injury and refuses to describe the use of force, claiming that "it is very difficult, emotionally, mentally, and physically for the plaintiff to continue with details." (Objections at 2.) Plaintiff attaches to her Objections several exhibits, including her voluminous medical records from the Charleston County Detention Center and the "Use of Force Report" created on June 4, 2004. Neither the medical records nor the Report indicate that Plaintiff sustained any significant injury as a result of the use of force.[4] In a page of handwritten notes submitted to the court with her Objections, Plaintiff briefly describes the use of force, and asserts that she sustained "bruises on face, ankles, knees, wrists, foot, pelvic area, chest, hands." Bruising, which can be equated to "temporary swelling and irritation," is considered a *de minimis* injury. *Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998) (holding that "temporary swelling and irritation is

---

[4] The Use of Force Report created on June 4, 2004 indicates Plaintiff was uninjured and did not require medical treatment following the use of force. The medical records indicate that Plaintiff complained of "multiple bruising all over body" after having had an "altercation" with officers.

precisely the type of injury this Court considers *de minimis*"); *Stanley v. Hejirika*, 134 F.3d 629, 637-38 (4th Cir. 1998) ("bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted *de minimis* injury). The court further notes that Plaintiff has not alleged that the use of force was not "reasonably related to the institution's interest in maintaining jail security."[5] Therefore, even assuming Plaintiff seeks civil damages, she has not stated a constitutional violation because she fails to allege that the use of force resulted in a specific non-*de minimis* injury and had no legitimate governmental purpose.

Since Plaintiff is a *pro se* litigant, her pleadings, "however inartfully pleaded," must be read liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)). However, the court is neither permitted to "rewrite a petition to include claims that were never presented," *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), nor to take on the responsibility of research and construction of the plaintiff's legal arguments, *Sanchez v. Miller*, 792 F.2d 694 (7th Cir. 1986), nor to "construct full blown claims from sentence fragments," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even construing Plaintiff's Complaint, Objections, and exhibits to the Objections liberally, Plaintiff fails to allege the necessary elements of a Fourteenth Amendment excessive force claim; therefore, the court must dismiss her Complaint for failing to state a claim.

---

[5] Plaintiff concedes that prior to the use of force, she "became loud" and argumentative with an Officer over a disagreement regarding her medications. (Objections at 3.)

## CONCLUSION

For the aforementioned reasons, the court adopts the Magistrate Judge's recommendation, and **DISMISSES** this action against all Defendants without prejudice and without service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 5, 2007.**

8